**Victor D. VAUGHN, Plaintiff,**

v.

**Susan M. STANTON, et al., Defendants.**

**No. 82–0460–CV–W–8.**

United States District Court,
W.D. Missouri, W.D.

March 27, 1984.

---

1. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209     (11th Cir.1981) (en banc).

Victor D. Vaughn, pro se.

Barbara J. Saper, Asst. County Counselor, Kansas City, Mo., for defendants.

## ORDER

STEVENS, District Judge.

Plaintiff and defendants have filed numerous pleadings, documents and exhibits in order to aid the Court in its decision as to whether plaintiff should be granted unconditional leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). After careful consideration the Court has concluded that plaintiff's claims are frivolous within the meaning of § 1915(d). Plaintiff will be denied leave to proceed *in forma pauperis* and his complaint will be dismissed for the reasons discussed below.

### I.

On May 7, 1982, a fellow inmate, Mr. Smith, reported to an officer at the jail that plaintiff had made sexual advances toward Smith. Consequently, that same day plaintiff was placed in a maximum security cell pending investigation of the allegation. Three days later, on May 10, 1982, plaintiff was released from maximum security and returned to his regular cell, with no charges being filed against him.

Plaintiff claims that his due process rights were violated by defendant placing him in "punitive segregation" without a disciplinary hearing or a copy of a disciplinary report. Defendants insist, first, that plaintiff was given copies of all reports of the incident and, second, that even if plaintiff did not receive copies of the reports, plaintiff's rights were not violated. Defendants allege that plaintiff was not entitled to any copies of the report under the terms of the amended consent decree approved by the district court in *Goldsby v. Carnes*, 429 F.Supp. 370 (W.D.Mo.1973).

"The initial inquiry is whether the transfer of [plaintiff from a less restrictive to a more restrictive cell] infringed or implicated a 'liberty' interest ... within the meaning of the Due Process Clause." *Meachum v. Fano*, 427 U.S. 215, 223–224, 96 S.Ct. 2532, 2537, 49 L.Ed.2d 451 (1976). Although "the repeated use of explicitly mandatory language in connection with requiring specific substantive predicates de-

mands a conclusion that the state has created a protected liberty interest," *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983), "we have never held that statutes and regulations governing daily operation of a prison system conferred any liberty interest in and of themselves." *Hewitt, supra*, 103 S.Ct. at 870. Thus, the issue becomes whether plaintiff was placed in a maximum security cell pursuant to "explicitly mandatory" guidelines which apply "specific substantive predicates" or whether the placement was pursuant to a regulation which governs "daily operation" of the jail.

Rule 17(i) of the amended consent judgment approved in *Goldsby v. Carnes, supra*, provides:

Any inmate who has allegedly committed an act that is in violation of the rules of this department and is so charged may be placed immediately in administrative separation but no longer than 72 hours, pending a determination by the disciplinary committee. Administrative separation is to be used only for offenses that place the inmate in danger to himself or others, or his acts may or will lead to the destruction of property.

*Goldsby v. Carnes, supra*, 429 F.Supp. at 377. Defendants assert that plaintiff was placed in a maximum security cell pursuant to Rule 17(i). Defendants' Exhibit A, the written report of inmate Smith's charge against plaintiff and of plaintiff's placement in a maximum security cell supports defendants' assertion. Plaintiff has not provided the Court with any evidence indicating that he was placed in a maximum security cell for any reason other than pursuant to Rule 17(i).

The Eighth Circuit Court of Appeals considered a claim very similar to plaintiff's claim in *Lyon v. Farrier*, 727 F.2d 766 (8th Cir.1984). In *Lyon*, the plaintiffs claimed that the prison rules created a liberty interest protected by the due process clause, and that one liberty interest was to not be transferred to more restrictive custody. The *Lyon* court weighed two factors in determining whether the plaintiffs' due process rights were violated: (1) the severity of the loss of freedom and/or privileges, and (2) whether the official acts complained of were punitive rather than administrative in nature. The *Lyon* court concluded that no liberty interest had been created and that plaintiffs' due process rights had not been violated.

■ Applying the *Lyon* analysis to the instant case, the Court concludes that Rule 17(i) did not create in plaintiff a liberty interest in remaining out of a maximum security cell. First, plaintiff's loss of privileges and freedom was not severe. As noted above, confinement lasted only three days. Moreover, the only privilege that plaintiff asserts he was denied was smoking. There is no indication that plaintiff lost any reduction of sentence or "good time" credit. The procedures followed by defendants pursuant to Rule 17(i) adequately protected plaintiff's rights relative to the minor losses he incurred.

Additionally, defendants' acts were not punitive in nature. "[I]f a particular condition or restriction of ... detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Bell v. Wolfish*, 441 U.S. 520, 538, 99 S.Ct. 1861, 1873, 60 L.Ed.2d 447 (1979). The legitimate governmental objective asserted by defendants is the protection of other inmates from sexual threats. The Court recognizes such protection as a legitimate governmental objective. "The safety of the institution's ... inmates is perhaps the most fundamental responsibility of the [jail] administration." *Hewitt v. Helms, supra*, 103 S.Ct. at 872.

In view of the minor losses plaintiff suffered and the nonpunitive character of his segregation, it is clear that Rule 17(i) did not create a liberty interest in plaintiff in remaining in the general jail population absent a disciplinary report or a disciplinary hearing. Because plaintiff had no such liberty interest he was not entitled to the protection of the Fourteenth Amendment. "[T]he Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."

*Montayne v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976).

In light of the above, the claim that defendants violated plaintiff's constitutional rights must fail.

## II.

█ Plaintiff has requested injunctive relief to prevent any future occurrences of what he alleges has been an unconstitutional interference by the Jackson County Jail with his rights to receive mail. Plaintiff was transferred from the Jackson County Jail to the Missouri Training Center for Men in Moberly, Missouri, on September 7, 1982. It is axiomatic that a prisoner's request for injunctive relief regarding jail conditions becomes moot if he is no longer confined at the facility about which he complains. Because plaintiff is no longer at the Jackson County Jail, his request for injunctive relief must be denied.

## III.

█ Because plaintiff's due process claim has no merit and because plaintiff's request for injunctive relief is moot, plaintiff has no realistic chance of succeeding in this case. Thus, plaintiff's complaint and request for injunctive relief are frivolous within the meaning of 28 U.S.C. § 1915(d). Plaintiff is denied leave to proceed *in forma pauperis* and his complaint is dismissed. All other pending motions are denied as moot.

Accordingly, it is ORDERED that

(1) Plaintiff is denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a);

(2) Plaintiff's motion for injunctive relief is denied;

(3) The above-captioned case is dismissed as frivolous; and

(4) All other pending motions are denied as moot.